UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL SWOBODA

VERSUS

KARL MANDERS, ET AL.

CIVIL ACTION

NUMBER 14-19-SCR

## **RULING ON MOTION TO DISMISS OR TRANSFER**

Before the court is the Defendants' 12(b)(3) Motion to Dismiss for Improper Venue or, Alternatively, Motion to Transfer Venue Under 28 U.S.C. § 1404(a). Record document number 7. The motion is opposed.[1]

For the reasons which follow, the defendants' motion is denied.

### **Background**

Plaintiff Michael Swoboda filed a Complaint against Continental Incorporated, Inc. d/b/a Continental Enterprises, and its employees Karl Manders, Denise Mosteller, Jeremiah A. Pastrick, and Karla Bledsoe. Plaintiff, a German citizen and resident, is the president of German Sport Guns GmbH ("GSG"), a German firearms manufacturer. Continental is a corporation that investigates claims of intellectual property infringement.

Plaintiff alleged the following facts. In 2009 Heckler & Koch, Inc. ("H & K"), a German firearms manufacturer with a United

---

[1] Record document number 11.

States subsidiary, filed lawsuit against GSG lawsuit in the United States District Court, Southern District of Indiana.  The case was settled that same year.  In August 2011 H & K filed another lawsuit against GSG alleging that GSG breached the settlement agreement.

In May 2012, H & K hired Continental to investigate GSG and plaintiff's alleged infringement of H & K's trademark for its G36 Airsoft pellet gun design.  Plaintiff alleged that defendants Mosteller and Manders met with Livingston Parish Sheriff's Office detectives in September 2012 and accused the plaintiff of violating Louisiana's trademark law.  This accusation was based on the belief that the plaintiff was copying H & K's pellet gun design.  Plaintiff alleged that after this meeting, defendant Pastrick registered a 3-D design of the H & K G36 Airsoft gun as a trademark in Louisiana in the name of Heckler & Kock GmbH.

Plaintiff alleged that during the following months, defendant Continental's agents and employees, including defendant Bledsoe, repeatedly corresponded with the plaintiff by email, representing themselves to be a potential customers from Brazil and/or Paraguay. Afer personally meeting with the plaintiff in 2013, defendant Bledsoe eventually convinced a GSG representative to send a sample shipment of GSG products to Walker, Louisiana, which products would then be shipped to Paraguay.

Defendant Mosteller allegedly reported the plaintiff's activities via email to Brandon Browning, a Livingston Parish Sheriff's office detective, and to Richard Lovell, a United States

Department of Homeland Security agent. On March 28, 2013, defendant Mosteller signed an affidavit in support of a warrant for the plaintiff's arrest for violating LSA-R.S. § 14:229, Illegal Use of Counterfeit Trademark. The warrant for the plaintiff's arrest was issued by a judge from 21st Judicial District Court, Livingston Parish, Louisiana.

On April 19, 2013, the plaintiff arrived at the United States District Court for the Southern District of Indiana for a judicial settlement conference in the 2011 suit filed against the plaintiff by H & K. With knowledge of the arrest warrant, the United States Marshal (or a deputy marshal) arrested plaintiff at the settlement conference. Plaintiff was held at the detention center in Marion County, Indiana, until he was given the opportunity to make bail. On June 25, 2013 the district attorney for the 21st Judicial District dismissed all charges against the plaintiff and declined to prosecute him for any criminal violation.

Plaintiff subsequently filed Plaintiff's Complaint in this court against alleging claims under 42 U.S.C. § 1983 and state law claims for false imprisonment, intentional infliction of emotional distress, defamation, abuse of process, negligence, and unfair competition. Defendants moved to dismiss or transfer the case, arguing that venue is improper in the Middle District of Louisiana under 28 U.S.C. § 1406(a). Defendants argued that all of the defendants are Indiana residents and the majority of the events leading to this litigation occurred in Indiana, particularly noting

that the underlying trademark suit is pending in Indiana, the plaintiff's arrest occurred in a federal courthouse in Indiana and the plaintiff spent time in an Indiana jail.

**Applicable Law**

A party may move to dismiss an action based on improper venue pursuant to Rule 12(b)(3), Fed.R.Civ.P. When a defendant challenges venue, the plaintiff has the burden of demonstrating that the chosen venue is proper. *Gray Cas. And Sur. Co. v. Lebas*, 2013 WL 74351 (E.D.La. Jan. 7, 2013). "On a Rule 12(b)(3) motion to dismiss for improper venue, the court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff." *Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 Fed.Appx. 612, 615 (5th Cir. 2007).

A district court may dismiss a case improperly filed in the wrong district or division or, in the interest of justice, transfer the case to any district or division in which it could have been brought. 28 U.S.C. § 1406. If venue is proper, the district court may still transfer the case to another district where it may have been brought for the convenience of parties and witnesses pursuant to 28 U.S.C. § 1404(a). A district court has "broad discretion in deciding whether to order a transfer." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 311 (5th Cir. 2008) (*In re Volkswagen II*). The party seeking to change venue must show "good cause" for the transfer by establishing that the transferee venue is clearly more convenient than the venue chosen by the plaintiff. *Id*. at 315.

"The 'good cause' burden reflects the appropriate deference to which the plaintiff's choice of venue is entitled." *Id*.

To make this determination the Fifth Circuit requires consideration of several private and public interests factors. The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.*, *citing*, *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (*In re Volkswagen I*). The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id*. These factors are "not necessarily exhaustive or exclusive" and "none can be said to be of dispositive weight." *In re Volkswagen II*, *supra*, *citing*, *Action Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004).

### Analysis

**The Middle District of Louisiana Is a Proper Venue For Plaintiff's Action**

Defendants' argument that the Middle District of Louisiana is not a proper venue is unpersuasive. Under 28 U.S.C. § 1391(b)(2)

proper venue for a civil action includes the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.  A review of the allegations in the petition taken as true shows that most of the significant events that give rise to the plaintiff's claims occurred in this district.  Among other actions, the defendants allegedly: (1) induced the plaintiff to send sample guns to Walker, Louisiana, which is in this district; (2) fraudulently registered a trademark in Louisiana pursuant to Louisiana law; and, (3) used the Livingston Parish Sheriff's office and the 21st Judicial District Court, both located in this district, to obtain an arrest warrant based on the plaintiff's shipment of its products to Louisiana and the alleged violation of the defendants' Louisiana-registered trademark.  These acts collectively form the foundation for all of the plaintiff's claims.

To establish improper venue, the defendants' relied on: (1) their Indiana citizenship; (2) the filing of the initial suit between H & K and GSG in Indiana; and, (3) the plaintiff's arrest and detention in Indiana.  However, none of these facts negate the finding that a most of the significant events described in the Plaintiff's Complaint occurred this district.

The Middle District of Louisiana is a proper venue for this suit under § 1391(b)(2); and dismissal or transfer under § 1406 is not supported.

**Transfer of Venue Under § 1404(a) Is Not Warranted**

Assuming, without deciding, that the Southern District of Indiana is a proper venue for this action, the defendants failed to satisfy their burden of establishing that the Southern District of Indiana is a clearly more convenient forum than the Middle District of Louisiana. The private interest factors concerning the availability of compulsory process to secure the attendance of witnesses and the cost of attendance for willing witnesses favor retaining the action in this district. Plaintiff's Complaint demonstrates that he will rely heavily on witnesses from the Livingston Parish Sheriff's office, the District Attorney's office, and the Office of Homeland Security, which are located in this district. These witnesses include Sgt. Brandon Browning, Asst. District Attorney Greg Murphy, and Homeland Security Agent Richard Lovell. Because these are non-party witnesses and the requested venue is more than 100 from this where they reside, work or regularly conduct business, the court's subpoena power over several important witnesses would be ineffective if venue was transferred.[2]

Defendants asserted that Southern District of Indiana is better equipped to handle the plaintiff's claims because of its familiarity with the prior litigation between plaintiff and H & K. However, as the plaintiff persuasively showed, the claims asserted in these two actions are factually and conceptually distinct; the

---

[2] *See*, Rule 45 (c)(1), Fed.R.Civ.P. A court may issue a subpoena commanding attendance a trial, hearing or deposition if the person resides within 100 miles.

defendants have not shown how these cases could possibly be consolidated. In fact, the plaintiff pointed to evidence showing that both the defendants and the Indiana court acknowledged that defendant Continental's investigation at issue in this litigation is not related to the former lawsuit, particularly noting that it involves a different type of gun alleged to be counterfeited.

Because the defendants also failed to show that the remaining private factor weigh in favor of the proposed transfer, they have failed to show that any private interest factor supports transfer to the Southern District of Indiana.

Defendants have also failed to show that the public interest factor favor transfer of venue. In causing the plaintiff's to be arrested, the defendants relied on a trademark registered under Louisiana law, and they used Louisiana courts and governmental agencies in their effort to obtain protection from the plaintiff's allegedly wrongful conduct. There can be no doubt that Louisiana has a strong local interest in preventing misuse of her laws and law enforcement authorities by private entities and persons seeking to obtain a business advantage over a competitor.

This district is also more familiar with the Louisiana laws upon which the plaintiff relied to support his tort claims. The alleged potential ability of the Southern District of Indiana to bring the case to trial faster does not outweigh the local interest factor and cannot be the sole basis for finding that the transferee venue is clearly more convenient.

**Conclusion**

The Middle District of Louisiana is an proper venue for the Plaintiff's Complaint. Defendants failed to establish good cause to transfer this action to the Southern District of Indiana.

Accordingly, the Defendants' 12(B)(3) Motion to Dismiss for Improper Venue or, Alternatively, Motion to Transfer Venue Under 28 U.S.C. § 1404(a) is denied.

Baton Rouge, Louisiana, June 4, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE