UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL SWOBODA

VERSUS

KARL MANDERS, ET AL

CIVIL ACTION

NUMBER 14-19-SCR

## RULING ON MOTION TO COMPEL INDEPENDENT MENTAL EXAM

Before the court is the Motion to Compel Independent Mental Examination filed by defendants Karl Manders, Denise Mosteller, Jeremiah A. Pastrick, Karla Bledsoe, and Continental Incorporated, Inc. d/b/a Continental Enterprises. Record document number 46. The motion is opposed.[1]

Rule 35, Fed.R.Civ.P., provides in relevant part, as follows:

**(a) Order for an Examination.**

>**(1) In General.** The court where the action is pending may order a party whose mental or physical condition--including blood group--is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. The court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control.

>**(2) Motion and Notice; Contents of the Order.** The order:
>  **(A)** may be made only on motion for good cause and on notice to all parties and the person to be examined; and
>  **(B)** must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it.

---

[1] Record document number 48.

Defendants moved for an examination of the plaintiff by Dr. John W. Thompson, Jr., who is board certified in neurology and psychiatry. Defendants argued they are entitled to a Rule 35 order because the nature of the claims and damages alleged by the plaintiff clearly place his mental condition at issue.[2] Defendants argued that the requirement of good cause is satisfied here based on these allegations, and the fact that the plaintiff provided evidence in written discovery responses showing that in July 2013, after his arrest, he saw his doctor for symptoms of posttraumatic stress disorder ("PTSD").[3]

Plaintiff did not dispute that his claims place his mental condition in controversy. However, the plaintiff argued that the defendants failed to establish good cause for the examination they are seeking. According to the plaintiff, the defendants' arguments fail to establish the necessary good cause because: (1) the evidence relied on by the defendants shows treatment soon after his arrest, but he no longer suffers from PTSD: (2) he has not identified an expert witnesses on the issue of damages; and, (3) on the issues of emotional distress and mental anguish, the defendants have not deposed him or the doctor who treated him in July 2013. Plaintiff maintained that a mental examination conducted at this

---

[2] Defendants noted the plaintiff has alleged a claim for intentional infliction of emotional distress, and claimed damages for severe emotional distress, damage to reputation, mental anguish and embarrassment. Record document number 1, Plaintiff's Complaint, ¶¶ 78 and 117.

[3] Record document number 46-2, Exhibit 1, p. 4.

time is not reasonably calculated to lead to the discovery of admissible evidence related to the temporary PTSD which he experienced two years ago and which is not an ongoing condition.

Plaintiff's arguments are persuasive. Because the defendants have yet to obtain additional information from the plaintiff or his doctor about the existence and/or extent of his emotional distress and damages, they have no basis to claim that a Rule 35 examination is necessary for them to defend against the plaintiff's claims. Defendants also do not dispute that the plaintiff was only treated for a mental condition in July 2013; there is no indication that the plaintiff is experiencing ongoing symptoms and receiving treatment for them. Defendant failed to show how evidence of the plaintiff's current mental status obtained in a Rule 35 examination would be relevant to his condition two years ago. Defendants have not established the good cause required by Rule 35.[4]

Accordingly, the Motion to Compel Independent Mental Examination filed by defendants Karl Manders, Denise Mosteller, Jeremiah A. Pastrick, Karla Bledsoe, and Continental Incorporated, Inc., d/b/a Continental Enterprises, is denied.

Baton Rouge, Louisiana, April 20, 2015.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[4] It is unnecessary to address the plaintiff's argument that the defendants have not complied with the requirements of Rule 35(a)(2)(B).

3