UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL SWOBODA

VERSUS

KARL MANDERS, ET AL

CIVIL ACTION

NUMBER 14-19-SCR

**RULING ON MOTION TO COMPEL**

Before the court is a Motion to Compel filed by defendant Continental Incorporated, Inc., d/b/a Continental Enterprises. Record document number 38. The motion is opposed.[1]

Continental moved for an order to compel the plaintiff to provide complete responses to Continental's first set of interrogatories and requests for production of documents that were served on September 17, 2014. Plaintiff served his answers and responses to requests for production on October 29, 2014.[2] In a November 18, 2014 letter counsel for Continental summarized perceived problems with the plaintiff's discovery responses and objections, but the plaintiff did not revise or supplement his answers or responses. Accordingly, Continental filed this motion to compel the plaintiff to do so.

Continental argued that: (1) the plaintiff's relevance

[1] Record document number 41. Continental filed a reply memorandum. Record document number 53.

[2] Continental noted that in connection with its discovery responses the plaintiff produced approximately 300 pages of documents.

objections are baseless; (2) the plaintiff's objection that he cannot provide certain information and documents from German Sport Guns GmbH ("GSG") because they are not in his custody, control or possession is unsupported; and, (3) the plaintiff has waived any objections based on attorney-client privilege and work-product protection because he failed to provide a privilege log or other information that identifies the withheld documents and establishes the basic elements necessary to support the privilege or protection.

Continental's Motion to Compel is resolved as follows.

**Interrogatories**

Continental's Interrogatories Nos. 1 - 3 asked for information about how GSG developed the design process of the KSK-1, the identity of every individual who had a role in designing it, and the identity of every location where GSG guns are manufactured. Plaintiff did not answer any of these questions, stating that the information sought was not relevant, and also that the interrogatories sought information from GSG, which is not a party to this suit. Plaintiff maintained these objections in his opposition to this motion. Plaintiff also argued that the information is not relevant to Continental's defense that the KSK-l is a counterfeit of the Heckler & Koch, Inc. ("H&K") G36, and the information also would not be relevant to whether the defendants' alleged scheme to have him arrested was unlawful and violated his

civil rights.

Continental argued that the information is relevant to the following defenses: (1) that the defendants had a reasonable belief at the time the charges were brought that the plaintiff was responsible for counterfeiting H&K's G36 design; and, (2) that the KSK-1 is a counterfeit version of the H&K product. Continental also argued that the plaintiff, as both a party and the president of GSG, he is required to provide whatever information he knows or can obtain.

Continental's argument that the information sought in these interrogatories is relevant to its defenses is unpersuasive. Information regarding the actual specifications of the KSK-l, as it is manufactured, would appear to be relevant to whether it is a counterfeit of the G36. However, that is not what Continental asked for in these interrogatories. Continental failed to explain how obtaining information about the process of developing the KSK-1 design, who designed it, and all locations where GSG guns are manufactured, will help to prove that the finished KSK-1 product sold by GSG was a counterfeit of the G36. Nor did Continental explain how the answers to these questions could possibly provide any information about what the defendants actually knew at the time they gave information to law enforcement officers, which led to the

plaintiff's arrest on a charge for violating LSA-R.S. 14:229.[3]

In Interrogatory No. 4, Continental asked the plaintiff identify every trademark, copyright, or patent owned by GSG and any of its principals. In Interrogatory No. 5, Continental asked the plaintiff to provide information describing the process by which GSG determines which guns to produce.

Again, Continental's argument that these questions seek relevant information is unpersuasive. First, the questions are not limited to the KSK-1 firearm. Even if they were, Continental failed to articulate how the existence of a trademark, copyright or patent for the KSK-1, or the process by which GSG decided to produce it, could establish facts that would help prove it was a counterfeit of the H&K G36, or could somehow be relevant to the plaintiff's false arrest and imprisonment claims or Continental's defenses.[4]

---

[3] The statute requires that the thing have "a counterfeit trademark," which is defined as "a false trademark that is identical to or substantially indistinguishable from" "a genuine trademark."

[4] Relevancy arguments should be made with regard the legal elements of a parties' claims and defenses. For example, a claim of false arrest and imprisonment under the Fourth Amendment requires a showing of no probable cause, which is defined as the facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense. The facts must be known to the officer at the time of the arrest; post-hoc justifications based on facts later learned cannot support an earlier arrest. *Brown v. Lyford*, 243 F.3d 185, 189 (5th Cir.

(continued...)

Continental's motion fails to provide any basis for requiring the plaintiff to provide supplemental answers to Interrogatory Nos. 1-5.

**Requests for Production of Documents**

Continental's motion takes issue with the plaintiff's objections/responses to Request for Production Nos. 1 - 6, 10 - 14, and 17.

Continental's Requests for Production Nos. 1 - 6 sought the following documents from the plaintiff: (1) all documents sent to or received from any person related to the G36, including GSG internal documents; (2) all documents sent to or received from American Tactical Imports related to the G36 or the KSK-1; (3) all documents sent to or received from any factory or production facility related to the G36 or KSK-1; (4) all documents reflecting sales of the KSK-1; (5) all documents containing marketing information about the KSK-1; and, (6) all documents identifying any customers to whom the KSK-1 was shipped for retail sale and

---

[4](...continued)
2001); *Club Retro, LLC v. Hilton*, 568 F.3d 181, 204 (5th Cir. 2009). If the facts supporting an arrest are placed before an independent intermediary, the intermediary's decision breaks the chain of causation for false arrest, insulating the initiating party. Then a plaintiff cannot prevail unless he can establish that the defendant knowingly provided false information or gave false information in reckless disregard of the truth, and that the deliberations of the independent intermediary were in some way tainted by the actions of the defendants. *Taylor v. Gregg*, 36 F.3d 453, 456-57 (5th Cir. 1994).

distribution. Plaintiff objected to each of these document requests on the same grounds, arguing that the requests called for production of documents that were not relevant, and also sought information from GSG, which is not a party to the suit.

Continental argued that the documents are relevant to: (1) the plaintiff's assertion he was not involved in manufacturing or selling counterfeit versions of the G36; and (2) Continental's defense that it had a basis to believe that the plaintiff and GSG were manufacturing and selling counterfeit goods.

Plaintiff alleged federal and state law claims for false arrest and imprisonment, intentional infliction of emotional distress, defamation, abuse of process, negligence and unfair trade practices. Defendants denied the plaintiff's allegations. Among the defenses plead in their answer, they asserted the existence of probable cause as found by the state court, the truth of all statements, and privilege as to any communications with government authorities.

Defendant's arguments are unpersuasive. With regard to the KSK-1, how could documents sent to or received from any factory or production facility, or documents containing sales, marketing and customer information, reasonably lead to the discovery of relevant information to the plaintiff's claims or Continental's defenses? Continental's relevancy arguments are vague and conclusory, and do not explain how the documents encompassed within these far-reaching

requests could provide any relevant information.

Similarly, Request for Production Nos. 14 and 17 are patently overbroad. These requests called for the plaintiff to produce: (1) all documents containing applications or registrations for trademarks, registrations, copyright registrations, design or utility patents submitted by the plaintiff, GSG or anyone affiliated with GSG; and, (2) all document containing market research or analysis or any type related to the G36. Request for Production No. 14 is not limited in any way to the product or events involved in the claims alleged by the plaintiff. As to both requests, Continental has not presented any logical explanation of the relevance these documents could have to the plaintiff's claims or their defenses to his claims.[5] Continental's motion to compel production of documents in response to all of the above discovery requests is denied.

Continental's document Request for Production Nos. 10 and 11 asked the plaintiff to produce documents related to the plaintiff's allegations in this case, and which he or his counsel sent to or received from the lawyers who represent GSG in the pending federal court action in Indiana. Continental argued that by their nature

---

[5] For example, Continental asserted that documents containing market research and analysis related to G36 are needed to prove its defense that it had a reasonable belief that the plaintiff and GSG were manufacturing and selling counterfeit versions of G36. It is not apparent, and Continental failed to explain, how these types of documents could help prove this defense.

any documents related to the allegations in the complaint are relevant. Continental also argued that the documents are relevant based on its belief the documents received or sent were in violation of the protective order issued by the Indiana federal court, and they were then were used to draft the complaint in this case.[6]

Plaintiff did not provide any responses to these two requests for production, and argued that his relevancy and privilege objections are justified. Plaintiff argued that, on their face the requests seek production of protected work product documents and documents that are subject to the attorney-client privilege, and which were created after the complaint was filed. Therefore, plaintiff argued, he is not required to provide a privilege log. Plaintiff maintained his objection that the request documents are not relevant to the issues in this case.

To the extent Requests for Production Nos. 10 and 11 call for production of documents related to allegations in the plaintiff's complaint in this case, the requests seek production of relevant information.[7] As to these documents the plaintiff has waived his

---

[6] Continental's relevancy argument based on a possible violation of a protective order in the Indiana case is rejected. An alleged violation of a protective order in the Indiana suit between H&K and GSG is an issue to be addressed and resolved in that case.

[7] Continental acknowledged that Request for Production Number 11 is too broad and agreed to limit its scope to documents related (continued...)

objections based on the attorney-client privilege and work product protection.

Plaintiff did not provide, in a privilege log or other manner, the information necessary to support his privilege/ protection claims, as required by Rule 26(b)(5)(A), Fed.R.Civ.P. Plaintiff's position that he was not required to provide a privilege log is factually and legally unsupported. First, the plaintiff's position is plainly contrary to Rule 26(b)(5)(A). Second, the cases cited by the plaintiff do not directly support the plaintiff's assertion that a privilege log is not required for communications with counsel that take place after the filing of a law suit. In the context of deciding an issue under Rule 26(g), the *Grider* case simply included dicta which indicates that, in some circumstances, a privilege log "may not be required" for communications with counsel that takes place after the suit is filed.[8] The authority relied on by the plaintiff is not controlling or persuasive.

Furthermore, since the plaintiff did not produce a log or other details about responsive documents he withheld, it is impossible to determine whether the communications took place after this suit was filed and would be covered by the Rule 26(b)(5)

---

[7](...continued) to the allegations in this litigation. Record document number 53, Reply Memorandum in Support of Motion to Compel, pp. 7-8.

[8] Record document number 41, Plaintiff's Opposition to Defendant's Motion to Compel, p. 13.

exception the plaintiff advocates. Finally, the plaintiff also claimed that it would be unduly burdensome and oppressive for him to prepare a privilege log. Even if this was a recognized objection to supplying a privilege log, the plaintiff failed to provide any information about the number or nature of the documents withheld in an attempt to show that preparing a privilege would be unduly burdensome.

Therefore, in response to Requests for Production Nos. 10 and 11, the plaintiff must produce any documents related to allegations in the plaintiff's complaint.

Requests for Production Nos. 12 and 13 sought production of documents containing blueprints, schematics or designs of the G36 and KSK-1. Plaintiff objected on grounds of relevance and that the requests seek information from GSG which is not a party to the suit.

Plaintiff's objections are unsupported. Review of the plaintiff's complaint supports finding that blueprints, schematics or designs of the two products involved would be reasonably calculated to lead to the discovery of admissible evidence relevant to the plaintiff's allegations and claims. Plaintiff failed to demonstrate that he cannot respond because the request seeks information from GSG. It is undisputed that the plaintiff is the president of GSG. Plaintiff assertion that he does not have access, custody or control of GSG documents is wholly unconvincing.

Plaintiff also argued that he does not have the legal right to obtain or disclose the requested information. Plaintiff submitted a copy of and relied on Section 85 of the German Limited Liability Code.[9] Section 85 does not support the plaintiff's argument that it deprives him of the legal right to obtain and produce the GSG documents, particularly documents which this court has now determined are relevant to a claim or defense in this case. Plaintiff has not provided any corporate document, such as a charter, articles of incorporation or by-laws, which limits his authority to disclose such GSG documents in order to comply with a court ruling or order. Plaintiff's objections on the ground that he does not have the access or practical ability to obtain the documents, and to now disclose them in compliance with a court ruling or order, cannot be upheld.

In summary, Continental is entitled to relief only with regard to Request for Production Nos. 10 through 13.

Accordingly, the Motion to Compel filed by defendant Continental Incorporated, Inc., d/b/a Continental Enterprises is granted in part and denied in part.

---

[9] Section 85 states: "Whoever without authority discloses a secret of the company, namely a company or business secret which has become known to them in their capacity as director, member of the supervisory board or liquidator, shall be liable to imprisonment for no more than one year or a fine." Record document number 41-1, Exhibit A, p. 29. Plaintiff did not contend that producing documents in response to these document requests would cause him to disclose a company or business secret.

Within 14 days, the plaintiff shall provide, without objections, supplemental responses to Requests for Production Numbers 10, 11, 12 and 13, as discussed above.

In all other respects, Continental's Motion to Compel is denied.

Pursuant to Rule 37(a)(5)(C), Fed.R.Civ.P., the parties shall bear their respective costs incurred in connection with this motion.

Baton Rouge, Louisiana, April 27, 2015.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE