UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


MICHAEL SWOBODA

VERSUS

KARL MANDERS, ET AL

CIVIL ACTION

NUMBER 14-19-SCR

**<u>RULING ON MOTION FOR RECONSIDERATION OF RULING
COMPELLING PRODUCTION OF PRIVILEGE DOCUMENTS</u>**

Before the court is a Motion for Reconsideration of Ruling Compelling Production of Privilege Documents filed by defendant Continental Incorporated, Inc. d/b/a Continental Enterprises. Record document number 58. The motion is opposed.[1]

Through this motion the defendant seeks reconsideration and reversal of the court's April 20, 2015 Ruling on Motion to Compel Discovery[2] which granted in part the plaintiff's Motion to Compel. In that ruling the court found that the defendant did not establish the attorney-client privilege or work product protection as to withheld communications/documents containing information about the G36 investigation that led to the plaintiff's arrest.[3] Defendant seeks reversal insofar as the court found the documents were not protected by the work product doctrine. Defendant argued that on this issue the court's ruling was incorrect and manifest injustice

---

[1] Record document number 61.

[2] Record document number 49.

[3] *Id.,* pp. 9-14.

will result if it is required to provide the communications to the plaintiff over the objection of Heckler & Koch, Inc., ("H&K") which is the holder of the privilege. In support of its request for reconsideration the defendant submitted the declaration of Stephen G. Farkas, an attorney who is H&K's general counsel and vice president for contracts.[4]

Essentially for the reasons set forth in the plaintiff's opposition memorandum, the defendant has failed to provide a sufficient basis for the court to reconsider and reverse the ruling. There is no basis to find that Farkas' statements in his declaration are new and could not have been provided earlier when the motion was pending. Furthermore, even if the information is considered, it does not establish that the documents are protected attorney work product. Farkas's declaration, in light of all the other circumstances, does not lead to any conclusion other than that the documents generated by H&K, or by the defendant on behalf of H&K, during the investigation are anything other than documents created in the ordinary course of business. As previously stated, the defendant's regular business is to conduct investigations. Farkas's declaration contains nothing to change this conclusion. His statements indicate that it is also part of H&K's business to investigate conduct that may infringe on its intellectual property rights. The fact that H&K chose to assign this business function

---

[4] Record document number 58-2.

to Farkas does not transform the documents connected with this business activity into attorney work product.

Accordingly, the Motion for Reconsideration of Ruling Compelling Production of Privilege Documents filed by defendant Continental Incorporated, Inc. d/b/a Continental Enterprises, is denied.

Baton Rouge, Louisiana, June 12, 2015.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE