UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


MICHAEL SWOBODA

VERSUS

KARL MANDERS, ET AL

CIVIL ACTION

NUMBER 14-19-SCR

## **RULING ON MOTION FOR RECONSIDERATION AND CLARIFICATION OF RULING**

Before the court is a Motion for Reconsideration and Clarification of Ruling filed by plaintiff Michael Swoboda. Record document number 55. The motion is opposed by defendant Continental Incorporated, Inc. d/b/a Continental Enterprises.[1]

Plaintiff filed this motion to obtain reconsideration and clarification of a portion of the court's April 27, 2015 Ruling on Motion to Compel.[2] In the ruling the court determined that defendant's Continental Incorporated, Inc.'s Motion to Compel should be granted as to Request for Production Nos. 10 and 11 insofar as the requests encompassed documents related to the allegations in the plaintiff's complaint. In reaching this conclusion, the court rejected the plaintiff's arguments that the documents were protected by the attorney-client privilege and the work product doctrine, and that it was unnecessary for him to

---

[1] Record document number 60. Plaintiff also filed a reply memorandum. Record document number 66.

[2] Record document number 54.

supply a privilege log or other means of providing the information required by Rule 26(b)(5)(A).

In his request for reconsideration, the plaintiff continued to maintain that he did not waive his privilege objections because he was not required to produce a privilege log with respect to communications that arose after the filing of the suit, and in any event he did not have to provide a privilege log until after the court ruled on his objections to the scope of the document requests. Plaintiff also noted that his attorneys in this case have actively consulted with his attorneys in the Indiana litigation on matters related to his criminal arrest and this case. Therefore, plaintiff argued, these communications between counsel are covered by the attorney-client privilege and are protected from discovery as work product. Plaintiff asserted that these communications contain case strategy, legal theories, conclusions, advice and opinions, which under Rule 26(b)(3)(B), Fed.R.Civ.P. are never discoverable. In the alternative, the plaintiff asked the court to allow him to submit a privilege log at this time, or be allowed to produce the documents for the court's review *in camera*.[3]

Defendant argued that there is no basis for the court to change or clarify the ruling because the plaintiff merely restates

---

[3] Plaintiff stated that to the extent the court's ruling required production of responsive documents used to draft the complaint, which do not include attorney emails, those documents have been produced.

the arguments he made in opposition to the original motion.

For the reasons explained in the April 27 ruling, and the reasons set forth in the defendant's opposition this motion, there is no basis to reverse the ruling with regard to Request for Production Nos. 10 and 11.  The court also notes that even if the plaintiff's overbreadth objections were pending, nothing prevented the plaintiff from making this objection but at the same time providing a privilege log or other more detailed description of the responsive documents he withheld that were related to the allegations in the complaint.

However, modification is warranted regarding the production of responsive documents that contain the mental impressions, conclusions, opinions or legal theories of the plaintiff's attorneys or other representatives concerning this litigation. Under Rule 26(b)(3)(B), Fed.R.Civ.P., the court is required to protect against disclosure of opinion or core work product contained in any documents the plaintiff has been ordered to produce in response to defendant's Request for Production of Document Nos. 10 and 11.[4]  Therefore, in response to these two

---

[4] There is a distinction between factual work product and core work product.  If a court determines that a document is attorney work product, it must next ask whether the document is "factual" work product, or "core" work product that could reveal an attorney's mental process or legal strategy, which are entitled to the highest protection afforded by law. Although factual work product is subject to disclosure once the required showings are made, core work product is entitled to more stringent protection.
(continued...)

document requests, insofar as the plaintiff was ordered to produce any documents related to allegations in the plaintiff's complaint, the plaintiff is not required to disclose, and may redact, the contents of any document/communication that are not factual work product and which unequivocally meet the definition of core work product under Rule 26(b)(3)(B) - i.e., the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation. This clarification and modification of the discovery ruling addresses the plaintiff's concern that the production of documents responsive to Request for Production Nos. 10 and 11 will cause manifest injustice because it will reveal the litigation strategy and mental impressions of his attorneys to opposing counsel.

Accordingly, the Motion for Reconsideration and Clarification of Ruling filed by plaintiff Michael Swoboda is granted in part. With regard to the documents the plaintiff has been ordered to

---

[4](...continued)
If a particular document contains some factual work product and some core work product, and the requesting party demonstrates substantial need for the former, the proper course is to order disclosure of factual content, such as statements of witnesses, but permit redaction of counsels' notations that constitute core work product. *See, Lassere v. Carroll,* 2014 WL 7139138, *2-5 (E.D.La. December 15, 2014); *Vasquez v. City of New York*, 2014 WL 6356941, *1-2 (S.D.N.Y., 2014); *Blockbuster Entm't Corp. v. McComb Video, Inc.,* 145 F.R.D. 402, 403 (M.D.La. 1992); *United States v. El Paso Co.,* 682 F.2d 530, 542 (5th Cir. 1982); *United States v. Nobles*, 422 U.S. 225, 238–39 (1975); *In re Katrina Canal Breaches Consol. Litig.,* 2010 WL 2522968, at *1 (E.D. La. June 14, 2010); *Upjohn Co. v. United States*, 449 U.S. 383, 400-01, 101 S.Ct. 677 (1981); *Dunn v. State Farm Fire & Cas. Co.,* 927 F.2d 869, 875 (5th Cir.1991).

produce in response to Request for Production Nos. 10 and 11, the plaintiff is not required to disclose, and may redact, the contents of any document/communication that are not factual work product and which unequivocally meet the definition of core work product under Rule 26(b)(3)(B).  The remaining aspects of the plaintiff's motion are denied.

    Baton Rouge, Louisiana, June 16, 2015.

                                     /s/ Stephen C. Riedlinger
                                     STEPHEN C. RIEDLINGER
                                     UNITED STATES MAGISTRATE JUDGE