UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


MICHAEL SWOBODA

                                    CIVIL ACTION

VERSUS

                                    NUMBER 14-19-SCR

KARL MANDERS, ET AL


### RULING ON MOTION FOR JUDGMENT ON THE PLEADINGS

Before the court is a Motion for Judgment on the Pleadings filed by defendants Karl Manders, Denise Mosteller, Jeremiah A. Pastrick, Karla Bledsoe, and Continental Incorporated, Inc., d/b/a Continental Enterprises.  Record document number 32.  The motion is opposed.[1]

Defendants moved to dismiss the plaintiff's claims for violation of 42 U.S.C. § 1983, false imprisonment, abuse of process and violation of the Louisiana Unfair Trade Practices Act.[2]  In their motion the defendants argued that the Plaintiff's Complaint fails to state a claim for violation of § 1983 or false imprisonment because the plaintiff did not: (1) allege facts to

---

[1] Record document number 36.  Defendants filed a reply memorandum.  Record document number 40.

[2] These claims are alleged in Counts 1, 2, 5 and 6 of the complaint.
    A motion for judgment on the pleadings under Rule 12(c), Fed.R.Civ.P. is subject to the same standards applicable to a motion to dismiss for failure to state a claim under Rule 12(b)(6). The complaint must contain sufficient factual matter, accepted at true, to state a claim to relief that is plausible on its face. *Phillips v. City of Dallas,* 781 F.3d 772, 775 (5th Cir. 2015).

show that Continental itself acted to violate his constitutional rights; (2) allege facts indicating that the individual defendants engaged in a conspiracy with state actors, or otherwise acted under color of state law; and (3) allege facts to support his claim that he was arrested without probable cause in violation of the Fourth and Fourteenth Amendments.  Defendants argued the abuse of process allegations are insufficient to state a claim because no facts are alleged to support the allegation that they had an ulterior motive, or committed willful irregularities in the proceedings following the plaintiff's arrest.  Finally, as to the plaintiff's claim for unfair trade practices under LSA-R.S. 51:1405, the defendants argued the plaintiff does not allege any facts to show he has standing under the statute as a competitor or consumer.

Plaintiff maintained that the allegations supporting Counts 1, 2, 5 and 6 of his complaint are sufficient to state a claim for relief under the federal and state laws alleged.  However, in the event the court finds merit in any of the defendants' arguments, the plaintiff argued that he should be granted leave to amend his complaint to correct any deficiencies in his pleadings.

After review of the parties' arguments and the record as a whole, the court finds that the defendants are arguments are mostly correct.

Under § 1983 *respondeat superior* liability does not apply. Plaintiff argued that he does not rely only on that theory of

liability.  Plaintiff argued that he alleged specific actions taken by defendant Continental - "Defendant Continental launched and orchestrated a fraudulent investigation which led to his unlawful arrest."[3]  The allegations in Complaint ¶¶ 11 - 13 support this assertion.  Fairly read, these paragraphs allege that defendant Continental itself was the moving force behind the violation of his rights under the Constitution.

Plaintiff has sufficiently pled facts, which accepted as true, that show the defendants acted under color of law.  Admittedly, there are no allegations, again accepted as true, showing that state law enforcement officials were willing participants in a conspiracy - an **agreement** with the defendants - to violate the plaintiffs rights.  Plaintiff essentially alleged that state law enforcement officers took actions based on information provided to them by the defendants - not that the law enforcement officials did so in furtherance of any agreement they had with the defendants to secure the plaintiff's unlawful arrest.  The most that can be reasonably inferred from the plaintiff's allegations is that the defendants duped the law enforcement officials into taking actions desired by the defendants.  Broad conspiracy allegations[4] are

---

[3] Record document number 36, p. 5.

[4] Complaint, ¶¶ 32-36 .

insufficient to state a claim upon which relief can be granted.[5]

Nonetheless, the plaintiff alleged that the individual defendants did more that simply provide facts or an affidavit to law enforcement officials. Fairly reading the plaintiff's allegation, he alleged that the defendants, acting through Mosteller, essentially insinuated themselves into, became an active part of, and used the law enforcement investigation to achieve their goal of having the plaintiff arrested. Or as the plaintiff asserted, the defendants sought and obtained the assistance of law enforcement officials as part of their own investigation.[6] Plaintiff's allegations are sufficient to allege actions under color of law. Whether the plaintiff can prove his allegations is another matter.[7]

Accepting them as true, the plaintiff factual allegations are

---

[5] *Arseneaux v. Roberts*, 726 F.2d 1022 (5th Cir. 1982)(plaintiff must show defendants agreed to commit an illegal act); *Tower v. Glover*, 467 U.S. 914, 104 S.Ct. 2820 (1984)(more than a blanket of accusation is needed to support a § 1983 claim).

[6] Record document number 36, p. 8, n. 2.

[7] For example, the plaintiff alleged that "agent Lovell agreed to contact United States Customs officials so that the GSG shipment would pass uninspected through customs agents." Defendants noted that there is no allegation that Lovell actually did contact customs officials. Complaint, ¶ 36. In contrast to these allegations, in the preceding paragraph the plaintiff alleged that defendant Mosteller asked Lovell to monitor the plaintiff's flights into the United States, and Lovell agreed to do so and then shared information with the defendants. Complaint, ¶ 35. The absence of an affirmative allegation that Lovell complied with the request to contact customs officials at most creates uncertainty; it does not imply that he did not.

not sufficient to state a claims based on an arrest without probable cause, for the reasons stated in the defendants's memorandum.[8]  The Plaintiffs' Complaint does not allege what defendant Mosteller stated in her affidavit of probable cause.  All the plaintiff alleged is that defendant Mosteller "misrepresented facts, statements purportedly made by" the plaintiff and "the arrest warrant was based on made deceitful statements and false/or inaccurate information."[9]  The actual arrest warrant was not filed with the Plaintiff's Complaint, nor was the language from it alleged in the complaint.  Consequently, the plaintiff has not alleged facts showing that "the warrant application is so lacking in indicia of probable cause as to render official belief in its existence unreasonable."  *Malley v. Briggs*, 475 U.S. 335, 345, 106s.C. 1092, 1098 (1986).

Plaintiff's Eighth Amendment, Excessive Bail clause, claim is base on "information and belief" only.  The problem is that he did not allege the "information" that supports his "belief."  Absent allegations containing the factual basis for his belief, he has not alleged a claim upon which relief can be granted.  But even if the defendants had acted in a manner intended to cause the plaintiff's bail to be set at a higher amount than it would have been without their intervention, he did not allege that what they did affected

---

[8] Record document number 36, pp. 9.

[9] Complaint, ¶¶ 38, 73

5

the amount of his bail.  Logically, the plaintiff cannot state a claims for Excessive Bail when he does not allege that the actual bail was, in fact, excessive.  And as the defendants correctly argued, they are not responsible for setting the plaintiff's bail. Plaintiff also relied on allegations that defendant Mosteller attempted to persuade a detective and the District Attorney to charge the plaintiff with forgery.[10]  Plaintiff did not allege that he was actually charged with forgery.

Plaintiff has also failed to allege facts that state a false imprisonment claim.  Defendants did not arrest or imprison him. That the arrest caused the plaintiff to be held in official detention for a period of time does not state a claim for false imprisonment against the defendants.  Plaintiff's time in official detention may an element of damages cause by a false arrest, assuming he could prove that claim.

Plaintiff has not stated a claim for abuse of process because he has not alleged sufficient facts to support a claim for false arrest.  Moreover, he did not allege that any specific court-related process or proceeding was used by the defendants, or was otherwise employed against him, after he was arrested.  Plaintiff alleged that he was held in a county detention processing center for about 20 hours, was transferred to detention center where he

---

[10] Record document number 36, p. 10, citing Complaint, ¶¶ 50 and 51.

stayed for the weekend, and then was released on bail.[11]  Plaintiff did not allege that this procedure was irregular unusual or out of the ordinary in any way, nor that the defendants had any control over where he was detained or for how long.

For the reasons argued by the defendants, the plaintiff did not alleged sufficient facts to state a claim for violation of the LUTPA.

Accordingly, the Motion for Judgment on the Pleadings filed by the defendants is granted in part.  Plaintiff's false arrest, Eighth Amendment, false imprisonment, abuse of process and LUTPA claim are dismissed.  Plaintiff is granted until October 23,2015 to file an amended complaint which alleges specific facts to state such claims.  Defendants may thereafter move to dismiss again.

Baton Rouge, Louisiana, September 30, 2015.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[11] Complaint, ¶ 48.