UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL SWOBODA

CIVIL ACTION

VERSUS

NUMBER 14-19-SCR

KARL MANDERS, ET AL

### RULING AND ORDER ON
### RENEWED MOTION FOR JUDGMENT ON THE PLEADINGS

Before the court is the Renewed Motion for Judgment on the Pleadings filed by defendants Karl Manders, Denise Mosteller, Jeremiah A. Pastrick, Karla Bledsoe, and Continental Incorporated, Inc., d/b/a Continental Enterprises. Record document number 79. The motion is opposed.[1]

For the reasons that follow, the Louisiana Unfair Trade Practices and Consumer Protection Law ("LUTPA")[2] claim and false imprisonment claim are dismissed. However, the defendants will be given another opportunity to renew their motion to dismiss the plaintiff's false arrest and abuse of process claims.

### Background

In a ruling issued September 30, 2015 the court granted in part the defendants' Motion for Judgment on the Pleadings, dismissing the plaintiff's false arrest, violation of the Eighth

---

[1] Record document number 81.

[2] LSA-R.S. 51:1409.

Amendment, false imprisonment, abuse of process and LUTPA claims.[3] Plaintiff, however, was given the opportunity to file an amended complaint to allege specific facts to state such claims. If the plaintiff filed an amended complaint, the defendants could move again to dismiss.

Plaintiff filed Plaintiff's First Amended Complaint on October 23, 2015, which is now the operative complaint in this case.[4] Defendants filed this renewed motion to dismiss the plaintiff's abuse of process and LUTPA claim. Defendants noted in their renewed motion that the plaintiff did not reassert his claims for false arrest or false imprisonment in the amended complaint.[5] Therefore, the defendants only sought dismissal of the abuse of process and LUTPA claim.

In his opposition to the motion, the plaintiff stated the defendants have erroneously concluded that the amended complaint does not reallege a false arrest claim. According to the plaintiff, the amended complaint sets forth new factual allegations which state claims under 42 U.S.C. § 1983 for false arrest, state law claims for abuse of process and a LUTPA violation.

---

[3] Record document number 74, Ruling on Motion for Judgment on the Pleadings.

[4] Record document numbers 77.

[5] Record document number 79-1, Memorandum in Support of Motion for Judgment on the Pleadings, pp. 1-2.

2

**Claims for False Arrest and Abuse of Process**

Plaintiff asserted that he did not drop his false arrest claim. Citing numerous paragraphs of the amended complaint, the plaintiff argued that the allegations are sufficient to state a false arrest claim under § 1983. The allegations cited and relied on by the plaintiff are included in the background section of the amended complaint and under Count 1, which is entitled 42 U.S.C. § 1983 "Claim Against Private Parties."[6]

Defendants filed their renewed motion based on the belief that the plaintiff did not reassert claims for false arrest or false imprisonment. It is understandable why the defendants drew this conclusion. In the initial complaint the plaintiff alleged, as a separate count, Count 2, and designated it as claim for "False Imprisonment." The allegations set forth in paragraphs 65 through 75 asserted that the actions alleged in all of the previous paragraphs caused the "unlawful issuance of an arrest warrant and the subsequent unlawful arrest and detention" of the plaintiff.[7] However, in the amended complaint, the plaintiff eliminated false imprisonment as a specific count, alleged his claim for intentional infliction of emotional distress as Count 2, and did not designate any other count as a distinct claim for false imprisonment or false

---

[6] Record document number 81, Opposition to Defendants' Renewed Motion for Judgment on the Pleadings, pp. 4-8.

[7] Record document number 1, ¶ 74.

3

arrest.[8]

In these circumstances the defendant should be given an opportunity to file an amended motion to dismiss the purported false arrest claim, along with a supplemental memorandum addressing whether the factual allegations in the amended complaint are sufficient to state a false arrest claim. Furthermore, the sufficiency of the allegations supporting the false arrest claim are relevant to deciding whether the plaintiff has stated a claim for abuse of process. Therefore, the court will defer ruling on the renewed motion to dismiss the abuse of process claim, and the defendants may make any additional arguments regarding dismissal of this claim in their supplemental supporting memorandum.

**Claim for False Imprisonment and LUTPA Claim**

Dismissal of the claim for false imprisonment is appropriate. Defendants stated that the plaintiff did not attempt to reassert this claim. Plaintiff did not oppose this argument, or point to any facts in his amended complaint that could support such a claim. Thus, to the extent the plaintiff alleged a separate claim for false imprisonment it is dismissed.[9]

With regard to the LUTPA claim, the resolution of the motion

---

[8] In both complaints the plaintiff alleged each numbered count and its name in bold, large letters.

[9] As noted in the court's ruling on the first motion, the time spent in official detention may be an element of damages caused by a false arrest, if the plaintiff can prove that claim.

turns on a question of law. In their renewed motion, the defendants continue to rely on Fifth Circuit decisions and district court cases, which have consistently held that to state a claim under LUTPA, the state law requires that the plaintiff must be a consumer or competitor of the defendant.[10] Plaintiff maintains that the federal cases relied on by the defendants were decided before the Louisiana Supreme Court issued a controlling opinion in *Cheramie Services, Inc. v. Shell Deepwater Prod.*, 09-1633 (La. 4/23/10), 35 So.3d 1053. Plaintiff argued that this court must rely on *Cheramie*, which the plaintiff claims held that the LUTPA is not limited to consumers or competitors, but instead grants a right of action to any person who suffers an ascertainable loss as a result of another person's use of unfair trade practices. Plaintiff also relied on recent cases from this district, the Eastern District of Louisiana, and state appellate courts which have cited *Cheramie* and concluded that a right of action under LUTPA is not limited to business competitors and consumers.[11]

All of the arguments and cases cited by the plaintiff have been considered, but the court finds them unpersuasive. Rather, the arguments, cases and analysis set forth in the defendants'

---

[10] Record document number 79-1, Memorandum in Support of Motion for Judgment on the Pleadings, pp. 6-8; record document number 32-1, Memorandum in Support of Motion for Judgment on the Pleadings, pp. 23-24.

[11] Record document number 81, Opposition to Defendants' Renewed Motion for Judgment on the Pleadings, pp. 8-10.

5

initial and renewed motions to dismiss are persuasive. They support the conclusion that the plurality opinion in *Cheramie* is insufficient to disregard the controlling Fifth Circuit decisions holding that a private right of action under the LUTPA is limited to direct consumers or to business competitors of the defendants.[12]

### Conclusion

Accordingly, the Renewed Motion for Judgment on the Pleadings filed by defendants Karl Manders, Denise Mosteller, Jeremiah A. Pastrick, Karla Bledsoe, and Continental Incorporated, Inc., d/b/a Continental Enterprises, is granted in part.  Plaintiff's claims for false imprisonment and violation of the Louisiana Unfair Trade Practices and Consumer Protection Law are dismissed.

The court defers ruling on the sufficiency of the allegations supporting the plaintiff's claims for false arrest and abuse of process.

Therefore;

IT IS ORDERED, that the defendants shall have 14 days to file an amended motion to dismiss the plaintiff's claims for false arrest and abuse of process, along with a supporting memorandum.

Plaintiff's opposition to any amended motion filed by the defendants shall be filed within the time set in Local Rule 7(f).

Since multiple memoranda addressing these issues have been previously filed, no party will be granted leave to exceed the

---

[12] *See*, *Tubos de Acero de Mexiso, S.A. v. Am. Intl Inv. Corp.*, 292 F.3d 471, 480 (5th Cir. 2002).

court's page limits for any memorandum.

    Baton Rouge, Louisiana, December 9, 2015.

                                STEPHEN C. RIEDLINGER
                                UNITED STATES MAGISTRATE JUDGE