UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL SWOBODA

VERSUS                                              CIVIL ACTION

KARL MANDERS, ET AL                                 NUMBER 14-19-SCR

### RULING ON MOTION FOR CERTIFICATION UNDER §1292(b) AND MOTION FOR STAY

Before the court is a Motion for Certification Under § 1292(b) and Motion for Stay filed by defendant Continental Incorporated, Inc. d/b/a Continental Enterprises. Record document number 68. The motion is opposed.[1]

This motion pertains to the court's April 20, 2015 Ruling on Motion to Compel Discovery,[2] which decided the issues raised in the Motion to Compel filed by the plaintiff.[3] The ruling required defendant Continental, which is in the business of investigating suspected infringement of intellectual property rights, to produce documents created in connection with the investigation of the plaintiff with regard to the G36 Airsoft pellet gun. Heckler & Koch, Inc. ("H&K") have a trademark on the G36 pellet gun. H&K hired Continental to investigate the plaintiff. In the ruling the

---

[1] Record document number 70.

[2] Record document number 49.

[3] Record document number 26.

court rejected the defendant's claim that the emails and documents it generated, during the investigation conducted by H&K, were entitled to attorney-client privilege and work product protection.

Defendant argued that an interlocutory appeal and stay of the ruling under § 1292(b) is appropriate because: (1) the ruling involves a controlling question of law for which there is a substantial difference of opinion; (2) it could avoid unnecessary additional discovery tasks and work related to the privileged materials; (3) it prevents a manifest injustice to defendant and H&K; and, (4) it would narrow the issues to be tried and materially advance the termination of the lawsuit.

Plaintiff argued that an interlocutory appeal and stay should not be granted because generally appeals from discovery orders are inappropriate. Plaintiff argued that ruling should not be certified or stayed because there is no controlling question of law, only a ruling based on the particular facts of this case. Furthermore, plaintiff argued, use of § 1292(b) will not materially advance the litigation but merely delay its ultimate resolution.

Generally, discovery orders do not constitute final decisions under 28 U.S.C. § 1291 and are not immediately appealable. *A-Mark Auction Galleries, Inc. v. American Numismatic Ass'n,* 233 F.3d 895, 897 (5th Cir. 2000). Discovery orders also are generally not appealable under the *Cohen* collateral order doctrine. *Goodman v. Harris County*, 443 F.3d 464, 467 (5th Cir. 2006); *Texaco Inc. v.*

*Louisiana Land and Exploration Co.,* 995 F.2d 43 (5th Cir. 1993).[4]

The statute relied on by the defendant § 1292(b), addresses orders not otherwise appealable and provides, in relevant part, as follows:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.  The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order; *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

Section § 1292(b) is a rarely used exception to the strong judicial policy disfavoring piecemeal appeals.  The party moving for interlocutory certification has the burden of establishing its right to appeal under the factors set forth in the statute. *Clark-Dietz and Associates-Engineers, Inc. v. Basic Construction Company,* 702 F.2d 67 (5th Cir. 1983); *Ferrand v. Schedler*, 2012 WL 2087399 (E.D. La. June 8, 2012).

---

[4] Under the *Cohen* doctrine, the court has jurisdiction over an otherwise unappealable order if the appellant demonstrates that the order: (1) conclusively determines the disputed question; (2) resolves an important issue completely separate from the merits of the action; and, (3) is effectively unreviewable on appeal from a final judgment. *Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221 (1949); *Goodman,* 443 F.3d at 468.

In light of these principles, the plaintiff's arguments are persuasive.

The first consideration for certification is whether the discovery order involves a controlling question of law as to which there is substantial ground for difference of opinion. Defendant acknowledged that the discovery ruling is not dispositive of the case, but suggested that it involves a question of law that is controlling because it determines the future course of the litigation. However, the defendant failed to identify any controlling question of law to which there is substantial ground for difference of opinion. Defendant simply cites the same evidence and recites the same arguments it relied on to oppose the plaintiff's Motion to Compel Discovery.[5] It is apparent that the defendant just wants a redetermination of the privilege issue, based on the same facts already presented in connection with the plaintiff's Motion to Compel and its Motion for Reconsideration of Ruling Compelling Production of Privilege Documents.[6]

Defendant also argued that if the request for interlocutory appeal is denied, the review and production of the documents will significantly increase the length and complexity of this litigation

---

[5] Record document number 68-1, Memorandum in Support of Motion for Certification Under § 1292(b) and Motion for Stay, pp. 3-6.

[6] Record document number 64, Ruling on Motion for Reconsideration of Ruling Compelling Production of Privilege Documents.

and the trial, but if the ruling is reversed on appeal this additional time and expense will be avoided. This argument is conclusory and unsupported. The discovery ruling at issue was limited to a specific time frame and subject matter.[7] Defendant failed to provide any specific information, facts, explanation, or time estimates to support the assertion that complying with the ruling will significantly increase the length and complexity of the remainder of the case.

Defendant also claimed an interlocutory appeal would not delay this case in any way. Again, this assertion is unsupported. Clearly, allowing an interlocutory appeal and stay will significantly delay the resolution of this case. Defendant also essentially argued that once the documents are produced the privilege will be waived, and a reversal at the end of the case will be too late to protect the status of the documents. This argument is also unpersuasive. Defendant's argument on this point would apply to the compelled production of most documents and consequently does not satisfy the § 1292(b) criteria required for the court to certify an interlocutory appeal. Defendant's waiver argument is unpersuasive, too. The production required by the ruling is clearly not voluntary. And assuming the defendant takes reasonable steps to produce only what is required by the ruling, no

---

[7] Record document number 49, Ruling on Motion to Compel Discovery, p. 15.

5

issue of waiver by inadvertent production should arise.

In summary, the defendant's arguments are conclusory, unsupported, and insufficient to establish that it is appropriate to certify the discovery ruling for interlocutory appeal under § 1292(b).

Accordingly, Motion for Certification Under § 1292(b) and Motion for Stay filed by defendant Continental Incorporated, Inc. d/b/a Continental Enterprises is denied.

Baton Rouge, Louisiana, December 22, 2015.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE